United States District Court        Southern District of Texas

| | | |
|---|---|---|
| Samuel K. Tucker, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-11-01987 |
| | § | |
| Michael J. Astrue, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Samuel Tucker is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Tucker brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the

claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. §404.1520(a) (2003).

4. *Evidence.*

   A. *Background.*

   Tucker is a 52-year-old man who says that he is physically disabled by cervical disc disease, hypertension, and effects of a hand injury. He says his pain is debilitating.

   Tucker has a tenth-grade education and has worked as a salesman, fork-lift operator, and floor installer. When he applied for Social Security on November 29, 2007, he said that his disability had begun on January 13, 2007.

   The hearing officer found that Tucker's disability did not meet a listed impairment. He decided that Tucker could work as a resident manager or floor salesperson.

   B. *Application.*

   The hearing officer properly found that Tucker was not disabled. The process was correctly followed.

   First, Tucker has not been gainfully employed. Second, Tucker has been impaired for more than twelve months. The hearing officer found that Tucker's cervical disc disease, hypertension, and effects of a hand injury were severely impairing him. Each imposed limitations on work-related functions. Third, none of Tucker's impairments met one listed. Fourth, the officer correctly determined that Tucker could perform light work, with limitations. Fifth, the officer correctly concluded that Tucker could perform his past work as a resident manager and floor salesperson.

   To determine whether Tucker was disabled, the officer considered all of the evidence from 2007 to 2009. The impairments of which Tucker complains are inconsistent from time to time. He has complained of:

   1. Hepatitis C;
   2. An enlarged lymph node under the arm;
   3. Kneecap swelling;
   4. Two herniated discs;
   5. A problem with the S-1 nerve;

6. Chronic pain;
7. Burning and numbness in the left arm and hand;
8. Exhaustion;
9. Dizziness; and
10. Memory and concentration problems.

Tucker concluded that he was unable to work, yet he still travels to Florida by bus, car, and airplane, and he does laundry, cooks, feeds his dog, reads, and watches television. His doctor's records show that his pain is controlled because he takes the same dosage of medication as he did in 2003. There was more than enough evidence from Tucker, state medical consultant, and his doctors to show that despite his limitations, Tucker is still capable of earning a living by light work.

5. *Conclusion.*

The commissioner's decision denying Samuel Tucker's claim for disability insurance is supported by substantial evidence and will be affirmed. Samuel Tucker will take nothing from Michael J. Astrue.

Signed on March 21, 2012, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge


6. Chronic pain;
7. Burning and numbness in the left arm and hand;
8. Exhaustion;
9. Dizziness; and
10. Memory and concentration problems.

Tucker concluded that he was unable to work, yet he still travels to Florida by bus, car, and airplane, and he does laundry, cooks, feeds his dog, reads, and watches television. His doctor's records show that his pain is controlled because he takes the same dosage of medication as he did in 2003. There was more than enough evidence from Tucker, state medical consultant, and his doctors to show that despite his limitations, Tucker is still capable of earning a living by light work.

5. *Conclusion.*

The commissioner's decision denying Samuel Tucker's claim for disability insurance is supported by substantial evidence and will be affirmed. Samuel Tucker will take nothing from Michael J. Astrue.

Signed on March 21, 2012, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge